IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **GABRIEL PEREZ AGUILAR** § | | |
| **AND ALL OTHERS SIMILARLY** § | | |
| **SITUATED** § | | |
| Plaintiffs, § | | |
| **v.** § | **CIVIL ACTION** | |
| § | **FILE NO: 4:11-cv-3676** | |
| **NOVA ASSET MANAGEMENT, INC** § | | |
| **SRI JANKI RAM PROPERTIES, LLC** § | | |
| **ARUN VERMA and** § | **JURY DEMANDED** | |
| **RAJMOHAN KUNIYIL** § | | |
| Defendants § | | |

_____

### PLAINTIFF'S ORIGINAL COMPLAINT
_____

**TO THE HONORABLE JUDGE OF SAID COURT:**

  **NOW COMES**, PLAINTIFFS, GABRIEL PEREZ AGUILAR, and all others similarly situated, and complain of Nova Asset Management, Inc., Sri Janki Ram Properties, LLC, Arun Verma, and Rajmohan Kuniyil (hereinafter collectively referred to as "Defendants") and for cause of action would show the Court as follows:

### I. INTRODUCTION

  1.   This is a collective action suit to recover unpaid overtime wages brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

  2.   This action seeks equitable relief, compensatory and liquidated damages, attorney's fees, taxable costs of court, and post-judgment interest for Defendants' willful failure to pay overtime pursuant to 29 U.S.C. § 216(b) for Plaintiff GABRIEL PEREZ AGUILAR, and all others similarly situated, in the course of their employment with the Defendants.

  3.   This action is authorized and instituted pursuant to the Fair Labor Standards Act, 29

U.S.C. § 201 *et seq.* and state common law.

## II. JURISDICTION AND VENUE

4. Plaintiff GABRIEL PEREZ AGUILAR, on behalf of himself and the Plaintiff class, brings this action to recover unpaid overtime compensation from the Defendants pursuant to the Fair Labor Standards Act 29 U.S.C. § 201 *et seq.*

5. This Court also has jurisdiction of these claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201 *et seq.*

6. Venue is proper in the Southern District of Texas under 28 U.S.C. § 1441(a).

## III. PARTIES

7. Plaintiff **GABRIEL PEREZ AGUILAR** is a resident of Harris County, Texas.

8. **Members of the "PLAINTIFF CLASS"** are current and former non-exempt hourly and employees of Defendants who work, or have worked, at one or more of Defendants' lawn service locations.

9. Defendant **NOVA ASSET MANAGEMENT INC,** is a Texas corporation, currently not in good standing with the State of Texas, that may be served with summons and complaint by serving its Registered Agent, Arun Verma at 5644 Westheimer Rd, Number 407 Houston, Texas 77056, or at any other address where he may be found or the company may be headquartered.

10. Defendant **SRI JANKI RAM PROPERTIES, LLC,** is a validly existing Texas corporation that may be served with summons and complaint by serving its Registered Agent, Arun Verma at 5644 Westheimer Rd, Number 407 Houston, Texas 77056, or at any other address where it may be headquartered.

11. Defendant **ARUN VERMA** is an individual that may be served with summons and complaint at 11725 Taylorcrest Houston, Texas 77024, or at any other address where it may be

found.

12.     Defendant **RAJMOHAN KUNIYIL** is an individual that may be served with summons and complaint at 1604 Good Day Drive, Missouri City, Texas 77459, or at any other address where it may be found.

13.     Whenever in this complaint it is alleged that any or all of the above named Defendants committed any act or omission, it is meant that Defendants' officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done in the routine normal course and scope of employment of Defendants' officers, directors, vice-principals, agents, servants or employees.

14.     At all material times, Defendants have been employers within the meaning of 3(d) of the FLSA 29 U.S.C. § 203(r).

15.     At all material times, Defendants have been an enterprise within the meaning of 3(r) of the FLSA 29 U.S.C. § 203(r).

16.     At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s) (1) of the FLSA because they have had employees engaged in commerce. 29 U.S.C. § 203(s) (1).

17.     At all material times, Plaintiff was an individual employee who was engaged in commerce of in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

18.     Defendants are a common enterprise and "joint employer" as defined by 29 U.S.C. § 203(r). Among other things, Defendants' lawn services share common ownership, management, human resource functions, and financial resources, and they utilize uniform accounting and payroll practices for their employees.

19.     Defendants Arun Verma and Rajmohan Kuniyil, are principal shareholders and/or

owners of the legal entity Defendants.

20. Defendants Arun Verma and Rajmohan Kuniyil are personally involved in the conduct of the day-to-day business operations of some or all of the business operations.

21. Defendants Arun Verma and Rajmohan Kuniyil are personally involved in the establishment and administration of personnel policies, recordkeeping responsibilities and financial practices of some or all of the business operations.

22. Defendants Arun Verma and Rajmohan Kuniyil have specific authority to hire and/or fire employees of those business operations.

23. Defendants Arun Verma and Rajmohan Kuniyil have specific authority to direct and supervise the work of employees of those business operations.

24. With respect to some or all of the business operations, Defendants Arun Verma and Rajmohan Kuniyil have specific authority to access and utilize legal entities' financial accounts, including employee payroll accounts.

25. With respect to some or all of the business operations, Defendants Arun Verma and Rajmohan Kuniyil have specific authority to make decisions regarding employee compensation.

26. With respect to some or all of the lawn service operations, Defendants Arun Verma and Rajmohan Kuniyil have the authority to make decisions regarding capital expenditures.

27. Defendants Arun Verma and Rajmohan Kuniyil are personally involved in the conduct of the day-to-day business operations of some or all of the corporate Defendants.

28. Defendants Arun Verma and Rajmohan Kuniyil are personally involved in establishment and /or administration of the personnel policies and recordkeeping responsibilities of some or all of the corporate Defendants.

29. With respect to some or all of the corporate Defendants Arun Verma and Rajmohan

Kuniyil have the specific authority to hire and/or fire employees of those Defendants.

30. With respect to some or all of the corporate Defendants, Arun Verma and Rajmohan Kuniyil have the specific authority to direct and supervise the work of those Defendants by its employees.

31. With respect to some or all of the corporate Defendants, Arun Verma and Rajmohan Kuniyil have the specific authority to sign on these legal entities' financial accounts, including employee payroll accounts.

32. With respect to some or all of the corporate Defendants, Arun Verma and Rajmohan Kuniyil have the specific authority to make decisions regarding employee compensation.

33. Defendants are Plaintiff's "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

## IV. CLASS ALLEGATIONS

34. Plaintiff GABRIEL PEREZ AGUILAR files this case as an "opt in" collective action, as it is specifically allowed by 29 U.S.C. § 216(b).

35. The class that Plaintiff GABRIEL PEREZ AGUILAR seeks to represent may be described as follows:

> **All current and former employees of each of the above named Defendants who worked as a "manager" "co-manager" "assistant manager", "maintenance" "make-ready" "general laborer" or "clerk" who 1) worked at any business located in Texas that was owned, operated, controlled and/or acquired by Defendants during the class period, and 2) claims that he or she was either (a) deliberately misclassified as being exempt from the overtime pay provisions of 29 U.S.C., et.seq. or (b) failed to receive all or his or her overtime pay, in violation of 29 U.S. C., et.seq.and seeks payment for such lawfully earned.overtime pay.**

36. Plaintiff, GABRIEL PEREZ AGUILAR, seeks to represent only those members of the

above-described group who, after appropriate notice of their ability to opt into this action, have provided consent in writing to be represented by Plaintiff GABRIEL PEREZ AGUILAR'S counsel as required by 29 U.S.C. § 216(b).

37. Those persons who choose to opt in, referred to as the "Plaintiff's class", will be listed on subsequent pleadings and copies of their written consents to sue will be filed with the Court.

38. Plaintiff GABRIEL PEREZ AGUILAR contends that this action is appropriate for collective action status because each named Defendant herein has acted in the same manner with regard to all members of the Plaintiff's class.

## V. FACTS

39. At all times relevant to this action, Defendants have been subject to the requirements of the Fair Labor Standards Act 29 U.S.C. 201 et.seq.

40. For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

41. Defendants employed Plaintiff GABRIEL PEREZ AGUILAR from March 28, 2011 until August 12, 2011 at their "Arbors on Westheimer" location in Houston, Texas

42. During his employment, Plaintiff worked for Defendants as a maintenance and general laborer and was paid bi-weekly of each calendar month.

43. During his employment and in the routine performance of his day-to-day job duties., Plaintiff has performed non-exempt work, during a significant period of most days, as classified by the Act, because the performance of Plaintiff's job required it and because Defendants' management required the performance of those non-exempted job duties, as a condition of Plaintiff's continued employment.

44. In particular, Plaintiff did general maintenance and repair on apartment units, general

labor and sometimes performed manual labor that was part of Defendants' business.

45. During Plaintiff's employment, while working for the Defendants, Plaintiff was required to work overtime hours in excess of 40 hours worked during each seven-day workweek.

46. Further, during these hours worked, Plaintiff has performed the function of his job, which included the performance duties typically performed by "hourly" paid non-exempt employees because the job required it and the Defendants' management required it, as a condition of Plaintiff's continued employment.

47. Plaintiff routinely worked in excess of 40 hours per week during his employment with the Defendants.

48. Similarly, during at least the past three years, all of the employees employed at all business locations owned and/or operated by Defendants were routinely required to work in excess of 40 hours per week to perform their job duties which included the performance of duties classified as non-exempt by the Act because their job duties required the performance of those job duties and because Defendants' management required it as a condition of their continued employment.

49. Defendants required Plaintiff and all others similarly situated to perform all necessary work to include the performance of those duties otherwise typically performed by "hourly" employees which routinely required Plaintiff and other similarly situated employees to work "overtime" hours as defined by 29 U.S.C. § 201 *et seq.*, for which they failed to receive overtime compensation as required by the Act.

### VI. FIRST CLAIM FOR RELIEF
**(Unpaid overtime compensation under the FLSA)**

50. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully written herein.

51. Plaintiff GABRIEL PEREZ AGUILAR and all others similarly situated are considered non-exempt employees under the statutory provisions of the Fair Labor Standards Act, 29 U.S.C. 201, et seq.

52. Plaintiff GABRIEL PEREZ AGUILAR and all others similarly situated are entitled to receive overtime pay for all hours they have worked in excess of 40 during each seven-day workweek.

53. Defendants failed to compensate Plaintiff and all others similarly situated, their entitled pay (including overtime pay) for those hours they worked in excess of 40 per week.

54. Defendants have violated 29 U.S.C. § 201 *et seq.* by failing to compensate the Plaintiff and all other similarly situated employees "overtime" pay for all hours worked in excess of 40 hours per week.

55. Defendants have failed to make good faith efforts to comply with the FLSA, and have thus violated the requirements of the federal statute.

56. Defendants have failed to maintain a complete, accurate, and contemporaneous record of the number of hours worked per workweek by Plaintiff and by all other similarly situated employees, as required by law.

57. Each Defendants' conduct was willful within the meaning of 29 U.S.C. § 255(a).

58. No lawful exemption excused the Defendants from compensating Plaintiff and all others similarly situated, overtime pay for hours worked over forty per week.

59. Defendants knowingly, willfully, or with reckless disregard carried out an illegal pattern and practice of deceptive and fraudulent accounting practices regarding overtime compensation due to Plaintiff and to all others similarly situated.

60. Plaintiff and all others similarly situated seek an amount of back-pay equal to the

unpaid overtime compensation from the date they commenced employment for the Defendants until the date of trial.

61. Plaintiff and all others similarly situated further seek an additional equal amount as liquidated damages, as well as reasonable attorney's fees and costs as provided by 29 U.S.C. § 216(b), along with post-judgment interest at the highest rate allowed by law.

## VII. COLLECTIVE ACTION ALLEGATIONS

62. Each and every allegation contained in the foregoing paragraph is re-alleged as if fully written herein.

63. Other employees have been victimized by this pattern, practice, and policy of the Defendants that is in violation of the FLSA.

64. Thus, from personal knowledge, Plaintiff is aware that the illegal practices and policies of Defendants have been imposed on other workers.

65. Other, similarly situated employees are being denied their lawful wages. Plaintiff alleges that Defendant as part of its business association with the other Defendants required the use of specific accounting practices and techniques that facilitated the violation of the FLSA.

66. Accordingly, each Defendant's pattern and practice of failing to pay the overtime pay (at time and one-half) of employees as required by the FLSA results from the Defendants' general application of policies and practices, and does not depend on the personal circumstances of the members class.

67. Plaintiff GABRIEL PEREZ AGUILAR'S experience is typical of the experience of the member class as it pertains to compensation.

68. The specific job titles or job requirements of the various members of the class do not prevent collective treatment.

69.  All employees, regardless of their job requirements or rates of pay, who are denied overtime compensation for hour worked in excess of 40 per week, are similarly situated.

70.  Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

71.  All current and former employees of Defendants' businesses, who at any time during the three years prior to the date of filing of this action to the date of judgment who were denied overtime pay for hours worked in excess of forty (40) in any given workweek are properly included as members of the class.

### VIII. <u>SECOND CLAIM FOR RELIEF</u>
**(Plaintiff's individual claim for unpaid wages
In violation of the Texas Labor Code, Chapter 61)**

72.  Each and every allegation contained in the foregoing paragraph is re-alleged as if fully written herein.

73.  By withholding Plaintiff GABRIEL PEREZ AGUILAR'S overtime wages earned during the period of March 28, 2011 until until August 12, 2011, Defendant's have violated the Texas Labor Code, Chapter 61, *et seq.,* which specifically requires the employer to pay its employees all of their wages earned.

74.  Plaintiff therefore sues for his unpaid wages and all additional damages allowed under the Texas Labor Code, Chapter 61, *et seq.*

### X. <u>ATTORNEY FEES</u>

75.  Each and every allegation contained in the foregoing paragraph is re-alleged as if fully written herein.

76.  Plaintiff GABRIEL PEREZ AGUILAR , and all other similarly situated, are entitled to recover attorney's fees and costs for bringing this action pursuant to the Fair Labor Standards Act,

29 U.S.C. § 201 *et seq*.

## XI. **PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Plaintiff GABRIEL PEREZ AGUILAR, and all other similarly situated respectfully request that upon hearing, the Court grant Plaintiff, and all others similarly situated, relief as follows:

a. Declare that Defendants have violated the Fair Labor Standards Act, specifically, 29 U.S.C. § 207, by failing to Plaintiff and all others similarly situated, overtime pay at one and one-half times their regular hourly rate for all hours in excess of 40 worked during each seven-day work period.

b. Enjoin Defendants from failing to pay Plaintiff and all others similarly situated, at one and one-half times their regular hourly rate for all hours in excess of 40 worked during each seven-day work period.

c. Order Defendants to pay Plaintiff and all others similarly situated, the difference between what they should have paid for overtime hours Plaintiffs worked during the relevant period and what they were actually paid, together with an equal amount as to liquidated damages.

d. Order Defendants to pay Plaintiff and all others similarly situated employees' reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

e. Order Defendants to pay post-judgment interest at the highest lawful rate for all amounts, including attorney's fees, awarded against Defendants.

f. Order further relief, whether legal, equitable, or injunctive, as may be necessitated to effectuate full relief to Plaintiff GABRIEL PEREZ AGUILAR, and to all other similarly situated employees of the Defendants.

Respectfully submitted,

**THE LAW OFFICES OF JOE M. WILLIAMS & ASSOCIATES**
9950 Westpark Drive, Suite 330
Houston, Texas 77063
(713) 532-0336 – Telephone
(713) 861-0337 – Facsimile

By: /s/ Joe Williams
    Joe M. Williams

                              Federal ID. No. 997092
                              State Bar No. 24063066

**ATTORNEY FOR PLAINTIFF**
**GABRIEL PEREZ AGUILAR**