IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GABRIEL PEREZ AGUILAR AND ALL OTHERS SIMILARLY SITUATED,<br>  *PLAINTIFFS*<br>v.<br><br>NOVA ASSET MANAGEMENT, INC., SRI JANKI RAM PROPERTIES, LLC, ARUN VERMA, AND RAJMOHAN KUNIYIL,<br>  *DEFENDANTS*. | §§§§§§§§§§§   CIVIL ACTION NO. 4:11-CV-3676 |

DEFENDANTS NOVA ASSET MANAGEMENT, INC. AND SRI JANKI RAM PROPERTIES, L.L.C. ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT

Defendants Nova Asset Management, Inc. and Sri Janki Ram Properties, L.L.C. file this Original Answer and Affirmative Defenses to Plaintiff's Original Complaint and respectfully state as follows:

**ORIGINAL ANSWER**

1. Defendants admit that Plaintiff purports to plead an action as stated in Paragraph 1 of Plaintiff's Original Complaint.

2. Defendants admit that Plaintiff purports to plead for damages as stated in Paragraph 2 of Plaintiff's Original Complaint.

3. Defendants admit that the purported allegations are consistent with 29 U.S.C. § 201 *et seq.*, as alleged in Paragraph 3 of Plaintiff's Original Complaint, but deny the remainder of the allegations therein.

4. Defendants admit that Plaintiff purports to plead an action on behalf of certain persons as stated in Paragraph 4 of Plaintiff's Original Complaint.

5. Defendants admit the allegations contained in Paragraph 5 of Plaintiff's Original Complaint.

6. Defendants admit the allegations contained in Paragraph 6 of Plaintiff's Original Complaint.

7. Defendants are without sufficient knowledge to either admit or deny the allegations contained in Paragraph 7 of Plaintiff's Original Complaint, and, therefore, deny such allegations.

8. Defendants deny the allegations contained in Paragraph 8 of Plaintiff's Original Complaint.

9. Defendants deny that Nova Asset Management, Inc. is not in good standing with the State of Texas, as alleged in Paragraph 9 of Plaintiff's Original Complaint, and admits the remaining allegations therein.

10. Defendants admit the allegations contained in Paragraph 10 of Plaintiff's Original Complaint.

11. Defendants admit the allegations contained in Paragraph 11 of Plaintiff's Original Complaint.

12. Defendants are without sufficient information to admit or deny, and therefore denies the allegations contained in Paragraph 12 of Plaintiff's Original Complaint.

13. Defendants deny the allegations contained in Paragraph 13 of Plaintiff's Original Complaint.

14. Defendants deny the allegations contained in Paragraph 14 of Plaintiff's Original Complaint.

Firmwide:105592026.1 069235.1001

15. Defendants deny the allegations contained in Paragraph 15 of Plaintiff's Original Complaint.

16. Defendants deny the allegations contained in Paragraph 16 of Plaintiff's Original Complaint.

17. Defendants deny the allegations contained in Paragraph 17 of Plaintiff's Original Complaint.

18. Defendants deny the allegations contained in Paragraph 18 of Plaintiff's Original Complaint.

19. Defendants cannot admit the allegations contained in Paragraph 19 of Plaintiff's Original Complaint because they are ambiguous and also appear to relate to a lawn service not related to Defendants, and therefore deny such allegations.

20. Defendants cannot admit the allegations contained in Paragraph 20 of Plaintiff's Original Complaint because they are ambiguous and also appear to relate to a lawn service not related to Defendants, and therefore deny such allegations.

21. Defendants cannot admit the allegations contained in Paragraph 21 of Plaintiff's Original Complaint because they are ambiguous and also appear to relate to a lawn service not related to Defendants, and therefore deny such allegations.

22. Defendants cannot admit the allegations contained in Paragraph 22 of Plaintiff's Original Complaint because they are ambiguous and also appear to relate to a lawn service not related to Defendants, and therefore deny such allegations.

23. Defendants cannot admit the allegations contained in Paragraph 23 of Plaintiff's Original Complaint because they are ambiguous and also appear to relate to a lawn service not related to Defendants, and therefore deny such allegations.

Firmwide:105592026.1 069235.1001

24. Defendants cannot admit the allegations contained in Paragraph 24 of Plaintiff's Original Complaint because they are ambiguous and also appear to relate to a lawn service not related to Defendants, and therefore deny such allegations.

25. Defendants cannot admit the allegations contained in Paragraph 25 of Plaintiff's Original Complaint because they are ambiguous and also appear to relate to a lawn service not related to Defendants, and therefore deny such allegations.

26. Defendants cannot admit the allegations contained in Paragraph 26 of Plaintiff's Original Complaint because they are ambiguous and also appear to relate to a lawn service not related to Defendants, and therefore deny such allegations.

27. Defendants cannot admit the allegations contained in Paragraph 27 of Plaintiff's Original Complaint because they are ambiguous and also appear to relate to a lawn service not related to Defendants, and therefore deny such allegations.

28. Defendants cannot admit the allegations contained in Paragraph 28 of Plaintiff's Original Complaint because they are ambiguous and also appear to relate to a lawn service not related to Defendants, and therefore deny such allegations.

29. Defendants cannot admit the allegations contained in Paragraph 29 of Plaintiff's Original Complaint because they are ambiguous and also appear to relate to a lawn service not related to Defendants, and therefore deny such allegations.

30. Defendants cannot admit the allegations contained in Paragraph 30 of Plaintiff's Original Complaint because they are ambiguous and also appear to relate to a lawn service not related to Defendants, and therefore deny such allegations.

31. Defendants cannot admit the allegations contained in Paragraph 31 of Plaintiff's Original Complaint because they are ambiguous and also appear to relate to a lawn service not related to Defendants, and therefore deny such allegations.

32. Defendants cannot admit the allegations contained in Paragraph 32 of Plaintiff's Original Complaint because they are ambiguous and also appear to relate to a lawn service not related to Defendants, and therefore deny such allegations.

33. Defendants deny the allegations contained in Paragraph 33 of Plaintiff's Original Complaint.

34. Defendants admit that Plaintiff purports to plead an action as stated in Paragraph 34 of Plaintiff's Original Complaint.

35. Defendants admit that Plaintiff purports to plead a class as stated in Paragraph 35 of Plaintiff's Original Complaint.

36. Defendants admit that Plaintiff purports to plead a class as stated in Paragraph 36 of Plaintiff's Original Complaint.

37. Defendants admit that Plaintiff purports to plead a class as stated in Paragraph 37 of Plaintiff's Original Complaint.

38. Defendants deny the allegations contained in Paragraph 38 of Plaintiff's Original Complaint.

39. Defendants deny the allegations contained in Paragraph 39 of Plaintiff's Original Complaint.

40. Defendants admit that Plaintiff purports to plead the time period associated with this action as stated in Paragraph 40 of Plaintiff's Original Complaint.

Firmwide:105592026.1 069235.1001

41. Defendant Nova Asset Management, Inc. admits it employed Plaintiff Aguilar as stated in Paragraph 41 of Plaintiff's Original Complaint, and Defendants deny the remaining allegations therein.

42. Defendant Nova Asset Management, Inc. admits it employed Plaintiff Aguilar to perform maintenance and general labor duties as suggested in Paragraph 42.  The remaining allegations are ambiguous, and therefore Defendants deny the remaining allegations therein.

43. Defendants cannot admit the allegations contained in Paragraph 43 of Plaintiff's Original Complaint because they are ambiguous, and therefore deny such allegations.

44. Defendant Nova Asset Management, Inc. admits Plaintiff Aguilar performed duties described in Paragraph 44.  Defendants deny the remaining allegations therein.

45. Defendants deny the allegations contained in Paragraph 45 of Plaintiff's Original Complaint.

46. Defendants deny the allegations contained in Paragraph 46 of Plaintiff's Original Complaint.

47. Defendants deny the allegations contained in Paragraph 47 of Plaintiff's Original Complaint.

48. Defendants deny the allegations contained in Paragraph 48 of Plaintiff's Original Complaint.

49. Defendants deny the allegations contained in Paragraph 49 of Plaintiff's Original Complaint.

50. Defendants answer the allegation in Paragraph 50 of Plaintiff's Original Complaint in the same manner as they answered each underlying allegation incorporated therein.

51. Defendants deny the allegations contained in Paragraph 51 of Plaintiff's Original Complaint.

52. Defendants deny the allegations contained in Paragraph 52 of Plaintiff's Original Complaint.

53. Defendants deny the allegations contained in Paragraph 53 of Plaintiff's Original Complaint.

54. Defendants deny the allegations contained in Paragraph 54 of Plaintiff's Original Complaint.

55. Defendants deny the allegations contained in Paragraph 55 of Plaintiff's Original Complaint.

56. Defendants deny the allegations contained in Paragraph 56 of Plaintiff's Original Complaint.

57. Defendants deny the allegations contained in Paragraph 57 of Plaintiff's Original Complaint.

58. Defendants deny the allegations contained in Paragraph 58 of Plaintiff's Original Complaint.

59. Defendants deny the allegations contained in Paragraph 59 of Plaintiff's Original Complaint.

60. Defendants deny the allegations contained in Paragraph 60 of Plaintiff's Original Complaint.

61. Defendants deny the allegations contained in Paragraph 61 of Plaintiff's Original Complaint.

Firmwide:105592026.1 069235.1001

62. Defendants answer the allegation in Paragraph 62 of Plaintiff's Original Complaint in the same manner as they answered each underlying allegation incorporated therein.

63. Defendants deny the allegations contained in Paragraph 63 of Plaintiff's Original Complaint.

64. Defendants deny the allegations contained in Paragraph 64 of Plaintiff's Original Complaint.

65. Defendants deny the allegations contained in Paragraph 65 of Plaintiff's Original Complaint.

66. Defendants deny the allegations contained in Paragraph 66 of Plaintiff's Original Complaint.

67. Defendants deny the allegations contained in Paragraph 67 of Plaintiff's Original Complaint.

68. Defendants deny the allegations contained in Paragraph 68 of Plaintiff's Original Complaint.

69. Defendants deny the allegations contained in Paragraph 69 of Plaintiff's Original Complaint.

70. Defendants deny the allegations contained in Paragraph 70 of Plaintiff's Original Complaint.

71. Defendants deny the allegations contained in Paragraph 71 of Plaintiff's Original Complaint.

72. Defendants answer the allegation in Paragraph 72 of Plaintiff's Original Complaint in the same manner as they answered each underlying allegation incorporated therein.

73. Defendants deny the allegations contained in Paragraph 73 of Plaintiff's Original Complaint.

74. Defendants deny the allegations contained in Paragraph 74 of Plaintiff's Original Complaint.

75. Defendants answer the allegation in Paragraph 75 of Plaintiff's Original Complaint in the same manner as they answered each underlying allegation incorporated therein.

76. Defendants deny the allegations contained in Paragraph 76 of Plaintiff's Original Complaint.

## DEFENSES AND AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

### SECOND DEFENSE

To the extent liability, affirmative defenses and/or damages, if any, to each member of the alleged group Plaintiff purports to represent are not determined by a single jury or is determined on a group-wide basis, permitting this action to proceed as a collective or class action violates Defendants' rights under the Fifth, Seventh, Eighth and Fourteenth Amendments to the United States Constitution.

### THIRD DEFENSE

To the extent that the relevant period of time alluded to in Plaintiff's Complaint, or any period of time alleged later in this action, predates the limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 255(a), such claims of Plaintiff are barred. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

**FOURTH DEFENSE**

Plaintiff's claims are barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, because actions taken in connection with Plaintiff's compensation were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

**FIFTH DEFENSE**

Plaintiff's claims are barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

**SIXTH DEFENSE**

Plaintiff's claims are barred because the work they performed falls within exemptions, exclusions, exceptions, or credits provided for in the FLSA. This defense may also apply to the claims of some or all of the putative collective action members or of allegedly similarly situated persons.

**SEVENTH DEFENSE**

Defendants at all times acted in good faith to comply with the FLSA and with reasonable grounds to believe that their actions did not violate the FLSA, and Defendants assert a lack of willfulness or intent to violate the FLSA as a defense to any claim by Plaintiff for liquidated damages. This defense may also apply to the claims of some or all of the class of allegedly

similarly situated persons.

## EIGHTH DEFENSE

The entire collective action complaint seeking class-wide relief must be dismissed, as there is no appropriate class representative.

## NINTH DEFENSE

This case may not be maintained as a collective action because the named Plaintiff are not similarly situated to or otherwise an adequate representative for the persons whom they purport to represent and, thus, cannot satisfy the requirements under 29 U.S.C. § 216.

## TENTH DEFENSE

There are no employees of Defendants who are similarly situated to Plaintiff, as that term is defined and/or interpreted under the FLSA, 29 U.S.C. § 216(b).

## ELEVENTH DEFENSE

Plaintiff's claims are barred to the extent Plaintiff failed, refused, and/or neglected to mitigate or avoid the damages complained of in Plaintiff's Complaint, if any.  This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

## TWELFTH DEFENSE

To the extent applicable, Plaintiff's claims are barred by the equitable doctrines of waiver, estoppel, unclean hands, and/or laches.  This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

## THIRTEENTH DEFENSE

Even assuming, *arguendo*, that Defendants had in fact failed to pay individuals for any of the activities alleged in Plaintiff's Complaint (which they did not), such activities do not constitute compensable work under the FLSA, and furthermore, such activities were not an integral and indispensable part of Plaintiff's principal activities of employment and are not

compensable.  This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

## FOURTEENTH DEFENSE

Plaintiff and/or the putative collective plaintiffs were compensated at all times in accordance with applicable FLSA requirements.

## FIFTEENTH DEFENSE

Plaintiff is not entitled to equitable relief insofar as they had an adequate remedy at law. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

## SIXTEENTH DEFENSE

Plaintiff's alleged injuries were not proximately caused by any unlawful policy, custom, practice and/or procedure promulgated and/or tolerated by Defendants.  This defense may also apply to the claim of some or all of the class of allegedly similarly situated persons.

## SEVENTEENTH DEFENSE

Assuming, *arguendo*, that Defendants violated any provision of the FLSA (which they did not), such violation was not pursuant to a uniform policy or plan.  This defense may also apply to the claim of some or all of the class of allegedly similarly situated persons.

## EIGHTEENTH DEFENSE

Defendants allege that they have not willfully failed to pay Plaintiff any wages and/or other monies claimed due, and there is a bona fide, good faith dispute with respect to Defendants' obligation to pay any sum that may be alleged to be due.  This defense may also apply to the claim of some or all of the class of allegedly similarly situated persons.

Firmwide:105592026.1 069235.1001

## NINETEENTH DEFENSE

Defendants allege that Plaintiff is not entitled to an award of prejudgment interest if they prevail on any or all of their stated claims. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

## TWENTIETH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which Plaintiff was engaged in activities which were preliminary or postliminary to their principal activities or incidental to them. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

## TWENTY-FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of *de minimis non curat lex*. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

## TWENTY-SECOND DEFENSE

Plaintiff and all alleged potential class members have been paid and/or received all wages and all other compensation due to them by virtue of their employment, if any, with Defendants. All or portions of the claims set forth in the Complaint are barred because Plaintiff consented to, encouraged, or voluntarily participated in all actions taken, if any.

## TWENTY-THIRD DEFENSE

Defendants allege that Plaintiff lacks standing to file and/or prosecute this action against Defendants and/or to receive any attorneys' fees.

Firmwide:105592026.1 069235.1001

### TWENTY-FOURTH DEFENSE

The Complaint, and each purported cause of action alleged therein, is barred because Plaintiff and/or the members of the alleged putative group they purport to represent mis-performed their respective duties and/or failed to perform the duties required of him.

### TWENTY-FIFTH DEFENSE

Certain of the interests of the alleged putative group that Plaintiff purports to represent are in conflict with the interests of all or certain sub-groups of the members of the alleged putative group.

### TWENTY-SIXTH DEFENSE

The Complaint, and each purported cause of action alleged therein, cannot proceed as a purported collective or class action because difficulties likely to be encountered render the action unmanageable.

### TWENTY-SEVENTH DEFENSE

Defendants reserve the right to assert additional defenses or claims which may become known during the course of discovery.

### TWENTY-EIGHT DEFENSE

Plaintiff and the members of the alleged putative group's claims are barred in this forum by the provisions of a mandatory arbitration agreement between the parties.

### CONCLUSION

WHEREFORE, for the foregoing reasons, Defendants respectfully request that this Court: (a) dismiss Plaintiff's Complaint with prejudice; (b) deny Plaintiff's demands and prayer for relief; (c) award Defendants costs and reasonable attorney's fees incurred in defense of this action; and (d) grant such other and further relief as the Court deems just and proper.

        Respectfully submitted,

        /s/David B. Jordan
        **David B. Jordan**
        State Bar No. 24032603
        LITTLER MENDELSON
        A PROFESSIONAL CORPORATION
        1301 McKinney Street, Suite 1900
        Houston, TX 77010-3031
        713.951.9400 (Telephone)
        713.951.9212 (Telecopier)
        djordan@littler.com

        **ATTORNEY FOR DEFENDANTS**
        **NOVA ASSET MANAGEMENT, INC. and SRI JANKI RAM PROPERTIES, L.L.C.**

## CERTIFICATE OF SERVICE

  I hereby certify that on the 13th day of December 2011, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing upon the counsel below:

Joe Williams
McKey Prasla, & Williams, P.L.L.C.
Attorneys and Counselors at Law
9950 Westpark Dr. Ste 330
Houston, Texas  77063
T: 713.532.0336
F: 713.532.0337

*Attorney for Plaintiffs Gabriel Perez Aguilar,*
*and all others similarly situated*

        /s/David B. Jordan